By the Court.

Francis Bermudez, represented in. this case by the syndics of his creditors, obtained from the king of Spain in the year 1799, a grant of nine superficial arbens of land in a place Called, in the grant, the commons ot the city oi New-Orleans. The grant was solicited for the express purpose of establishing tliereon a manu-factory for the bleaching ©f wax ; and was given on condition that so soon as the grantee should employ it to any other use, it should return to its former state of royal demesne and commons ; to which effect the Governor of Louisiana and the Ca-bildo of New-Orleans were empowered to compel the grantee to clear the premises and. to leave: them unoccupied and free. The granfee took possession of the land, and lias retained j it ever since.: ......
In Julv last the Mayor, Aldermen and Iuhabi- *308 °f New-Orleans brought the present suit against the syndics of Francis Bermudez, alledg-that he had forfeited his grant, and praying he might be compelled to remove from that place, tQ jeave ⅛ free for the use of the inhabitants ; or in case it should not be found that he had in* curred such forfeiture, that he might at least be enjoined not to dispose of the land except for the purposes and under the conditions inserted in the grant, . . '
East. District.
June 1814.
Thé Parish Court gave judgment in favor of the defendants as to the forfeiture, enjoining them at the same time to confine themselves within the bounds and conditions of the grant, and recognising the right of the Corporation of New-Orleans to repossess themselves of the land, in case they should infringe those conditions. From that judgment the Mayor, Aldermen and Inhabitans have claimed the present appeal*
-The plaintiffs, in order to .shew their right of action against the grantee of this lot, have thought fit to resort toa variety of proofs, the result of which is, at best, that a certain indefinite portion Of land, in the neighbourhood of New-Orleans, Was considered, first by the government of France and subsequently by that of Spain, as the eom-tttons of the city, of which commons, however, the sovereign seems to have retained the right of disposing, as he might otherwise thing fit.
*309 ÍÍE that as it may, it is hot necessary to decide in this case whether the inhabitants of the city of New-Orleans were possessed in their own right, , . , , • p • j of enjoyed precariously the possession ot an inae-finite and undescribed portion of land called the commons. The enquiry must be confined to the particular spot on which this grant was located* In the grant itself it is acknowledged that this spot is situated in the commons of the city of New-Orleans *, it is further said there that if the grantee does not comply with the conditions imposed on him, the land shall return to its former state of commons. It is even recognised in that instrument that, in such case, the Cabildo together with the Governor have a right to compel the grantee to cleat the premises and leave thcm free for public use. But the difficulty is that this land is also called royal, whereby it should seem that the king still retained his dominion over it.
However contradictory these expressions majr appear to be, the worst conclusion which can be drawn therefrom against the city of New-Orleans is that they had not that kind of possession which is the consequence oran absolute right Of owner-1 ship. Yet, the sovereign having never thought fit to exercise any further right over these commons, and the claim of the city to them having been recognised and confirmed by the sucCfesáof" Of that sovereign, the inhabitants of New-Qrlear*s *310 'must” be considered as having never ceased to be rightful possessors of that land, and their even-right, to repossess themselves of á part there of granted on certain conditions and hable to for-ieiture, cannot be questioned.
The Mayor, Aldermen and Inhabitans of Newv Orleans were, therefore, the proper parties to sue Francis Bermudez for the forfeiture of his grant.
But is this grant forfeited ? Is.it true that Bermudez has failed to comply with the conditions imposed on him ? Upon this fact, the evidence does by no means support the allegation of the appellants. It appears that F rancis Bermu-dez has kept constantly on his land a certain number of bee-hives : it is said fifty Or sixty, and that he has continued bleaching wax to this very day. The grant does not specify what quantity of wax lie shall be obliged to bleach. It is clear from the documents exhibited in the cause that the object of this establishment was not the paltry produce which it might yield ; but that it was intended as an example. to those who would attend to that branch of industry, so that wax might- become art article of exportation in the commerce of Louisiana. .
Thus far the condition of the grant has been fulfilled. But, it is said that the grant is forfeited, because the land lias been employed to an other ftsé y a building, intended for a rope*walk, having *311 been erected on that spot in the year. 1810. Without examining whether the whole of this lot must serve exclusively to the manufactory of wax, it appears that nothing more than an attempt to establish a rope-walk ever took place, and that the project was abandoned before it' was carried into effect.
There haying been no breach of the conditions of Bermudez’s grant, the action of the appellants must fail altogether : for their prayer for an injunction- is both without motive and without object; without motive, for, so long as the grantee does not infringe the conditions of his grant, they have nothing to ask of him ; without object, for an injunction to him not to infringe those conditions would add nothing to his obligations, and such a recommendation cannot be the subject of a judicial order.
The judgment of the City-Court, though affirmed in substanpe, must therefore be reversedas to that injunction; and judgment-entered for tfie appellees absolutely, with costs.